1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          )    Criminal No. 06-CR-1437-L
                                        )
12                  Plaintiff,          )    **ORDER DENYING DEFENDANT'S**
                                        )    **MOTION TO SUPPRESS**
13   v.                                 )    **STATEMENTS AND**
                                        )    **FINGERPRINTS**
14   MANUEL CABRERA-ALEJANDRE,          )
                                        )    [Doc. No. 25-2]
15                  Defendant.          )
                                        )
16   _____)

17          On October 11, 2006, Defendant Manuel Cabrera-Alejandre filed a motion to suppress

18   statements and fingerprints obtained as a result of his arrest.  The Government filed a response

19   and opposition to Defendant's motion and an evidentiary hearing was held on March 13, 2007.

20   Having considered the evidence presented at the hearing, the submissions of the parties, and

21   applicable case law, the Court concludes that Defendant's statements and fingerprints were

22   lawfully obtained.  Accordingly, Defendant's motion will be denied.

23                                    **Discussion**

24          Defendant objects to the admission of two sets of statements made during the

25   investigation of this case:  1) those made during the initial encounter between Defendant and

26   Border Patrol agents; and 2) those made after Defendant was arrested and transported to the

27   Border Patrol checkpoint.  The Court finds that both sets of statements were made voluntarily,

28

1  and in compliance with *Miranda*.[1]

2      I.    <u>Initial Encounter</u>.

3      On June 16, 2006, at 1:15 a.m., U.S. Border Patrol Agent Javier Davila and his partner

4  observed Defendant on a remote stretch of road situated in a sparsely populated area of Southern

5  California approximately two miles from the U.S./Mexico border.  The area consists of hilly

6  terrain covered with brush and is occupied by small ranches.   According to Agent Davila, the

7  area in which Defendant was spotted is an area where smugglers and illegal aliens are often

8  found.

9      The agents were in an unmarked vehicle wearing civilian clothes, but each carried

10 weapons and a badge.  When the agents came upon the defendant, he ran up a driveway.  The

11 agents followed and found him hiding between a trash container and brush.  Defendant was

12 about ten feet from the road.  Agent Davila identified himself as a Border Patrol agent, showed

13 Defendant his badge, and asked Defendant his country of citizenship and immigration status.

14 Defendant replied that he was a Mexican citizen without immigration documents to enter or

15 remain legally in the United States.  Defendant was then placed under arrest.

16     The Court finds that the initial encounter between the agents and Defendant was

17 permissible under *Terry v. Ohio*, 392 U.S. 1 (1968).  Because of the time in the early morning,

18 the location being an area frequented by illegal aliens and smugglers, and the fact that Defendant

19 ran when the agents' vehicle approached, the agents had reasonable suspicion to stop Defendant.

20 Because the agents had reasonable suspicion to make a *Terry* stop, they were permitted to ask

21 Defendant questions "reasonably related in scope to the justification for their initiation."  *United*

22 *States v. Cervantes-Flores*, 421 F.3d 825, 830 (9th Cir. 2005), quoting *Terry*, 392 U.S. at 29.  An

23 officer may question individuals reasonably detained near the border about their citizenship and

24 immigration status.  *Id.*, quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 881-82 (1975).

25 The Court finds no evidence suggesting that Defendant's response to Agent Davila's questions

26 about his immigration status was coerced or was otherwise involuntary.

27

28       [1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Once Defendant advised the agents he was a Mexican citizen without legal authority to remain in the United States, the agents had sufficient probable cause to place him under arrest. As such, the Court must reject Defendant's argument that the fingerprints obtained during the ensuing investigation should be suppressed as the result of an illegal arrest.

II.    Post-Arrest Statements.

At approximately 3:45 a.m., Agent Davila and his partner interviewed Defendant at the Highway 94 Border Patrol checkpoint. The interview was videotaped and was played during the evidentiary hearing. The video demonstrates that Defendant was advised the administrative rights previously given to him (at approximately 1:45 or 2:00 a.m.) no longer applied. Defendant stated he understood.

Defendant was then advised of his *Miranda* rights in Spanish. With respect to the right to appointed counsel, Defendant was advised:

> You have the right to speak with an attorney so that he may advise you before we ask you any questions and to have him present with you during the questions. If you do not have the money to hire an attorney, one can be provided for you before we ask you any question if you so desire.

(Gov't. Ex. 2, page 3.)

The Court finds this language sufficient to convey Defendant's right to have the assistance of appointed counsel prior to questioning. With respect to this right, *Miranda* requires that police inform a suspect that "if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Miranda*, 384 U.S. at 479. The language used in this case differs from that set forth in *Miranda* in that Defendant was told that an attorney "can be provided" rather than "will be appointed." However, the language used in this case nevertheless conveys the principle that an attorney would be provided by the government prior to questioning if defendant so desired. The Court finds this sufficient to comply with the dictates of *Miranda*.

The Court further finds that Defendant's waiver of *Miranda* rights was knowingly and intelligently given. At the conclusion of the rights advisal, Agent Davila asked Defendant, "Do you understand these rights which I've just explained to you?" (Gov't. Ex. 2, p. 3.) Defendant responded, "Yes. Yes, I understand." *Id.* at 4. Agent Davila then asked "Would you like to talk

06cr1437

now without the presence of a lawyer?" *Id.* To which, Defendant responded, "It's better. What do I want a lawyer for?" *Id.*

Defendant urges the Court to interpret Defendant's question as a request for counsel or an indication that Defendant did not thoroughly understand his rights. However, in viewing the videotape, the Court is convinced that Defendant's response was a rhetorical question that conveyed an acknowledgment of his rights and an informed decision to proceed with questioning without the assistance of counsel. From the defendant's demeanor, voice inflection, and facial expression, it is apparent that the Defendant was not literally asking Agent Davila to respond to a question, but rather was expressing a desire to proceed with questioning. This finding is further supported by the fact that immediately preceding this statement, Defendant expressed an understanding of his *Miranda* rights and did not hesitate to respond to further questioning by the agent. *See United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir. 1997)(finding no error in admission of statement where defendant clearly acknowledged understanding of his rights).

Therefore, the Court holds that Defendant waived his *Miranda* rights after being properly informed and that Defendant's statements were voluntarily made without any evidence of coercion or improper conduct by Agent Davila.

### Conclusion

Based upon the foregoing, the Court concludes that Defendant's statements were voluntarily made and taken in compliance with *Miranda*. The Court further finds that Defendant's fingerprints were obtained as the result of a valid arrest. Accordingly, Defendant's Motion to Suppress Statements and Fingerprints is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 20, 2007

M. James Lorenz
United States District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

06cr1437